**FILED**
**Aug 23, 2019**
**10:15 AM(CT)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT MEMPHIS

| | | |
|---|---|---|
| **DALE HUNTER,** | ) | |
| **Employee,** | ) | **Docket No. 2017-08-1268** |
| | ) | |
| **v.** | ) | |
| | ) | **State File No. 88488-2017** |
| **DOUG'S AUTOMOTIVE,** | ) | |
| **Employer.** | ) | |
| | ) | **Judge Dale Tipps** |
| | ) | |

---

## EXPEDITED HEARING ORDER
## DENYING BENEFITS
### *(DECISION ON THE RECORD)*

---

This matter came before the Court on August 21, 2019, for an Expedited Hearing decided on the record without an in-person hearing. The present focus of this case is whether Mr. Hunter is entitled to additional medical treatment for his alleged back injury. The central legal issue is whether he is likely to establish at a hearing on the merits that his need for the requested MRI arose primarily out of and in the course and scope of his employment. For the reasons below, the Court holds Mr. Hunter failed to do so and is not entitled to benefits at this time.

### History of Claim

This is Mr. Hunter's second Expedited Hearing. Following the first hearing, the Court was unable to find that Mr. Hunter was likely to prove medical causation at a hearing on the merits but issued an order for a panel of physicians.[1] Doug's Automotive provided a panel, from which Mr. Hunter selected Dr. Sam Murrell.

---

[1] The Court summarized the full history of Mr. Hunter's injury and medical treatment in its prior order and finds it unnecessary to repeat that summary here.

1

Mr. Hunter treated with Dr. Murrell but filed a Motion to Compel Medical Treatment on June 4, 2019, claiming that Dr. Murrell recommended an epidural injection that Doug's Automotive refused to authorize. Because Mr. Hunter provided no medical records or other information regarding the treatment or its relationship to his work injury, the Court found it could not order Doug's Automotive to authorize it.

Mr. Hunter then filed another Motion for Medical Treatment on July 26, this time with an accompanying letter from Dr. Murrell. The Court determined that the motion was actually a request to decide his interlocutory claim for medical benefits based on a review of the file without an evidentiary hearing. The Court deemed the request for a decision on the record appropriate and issued a Docketing Notice.

Doug's Automotive filed a Response and an Objection to Dr. Murrell's letter, and the Court took up the hearing request on August 21.

Dr. Murrell's letter is the only proof offered by either party. It states:

> Dale Hunter has been under my care with complaints of low back pain and leg pain. He was first seen by me on September 7, 2018 complaining of pain following an injury on 10/15/2017. He was ultimately found to have degenerative changes of the lumbar spine at multiple levels with a more focal right L5 foraminal disc protrusion. When he was seen by me on January 28, 2019, he was offered an epidural steroid injection. He ultimately requested to be released to full duty, but then later he followed up with me and indicated that he wished to proceed with further treatment. In April of this year, an epidural steroid injection was again recommended, and he continues under my care awaiting performing of the procedure.

**Findings of Fact and Conclusions of Law**

The Court first addresses the objections to Dr. Murrell's letter. Doug's Automotive contends the letter is irrelevant because "it does not negate any of the previous findings that Employee is and has been released . . . at maximum medical improvement." This argument is unsupported by any evidence, as Doug's Automotive has never provided the Court with any medical records from Dr. Murrell. More importantly, even if Mr. Hunter were at maximum medical improvement, Doug's Automotive provides no authority for the proposition that a finding of maximum medical improvement terminates an employee's right to medical treatment made reasonably necessary by a work injury.

Doug's Automotive also argues that Dr. Murrell's letter is hearsay. This argument overlooks Court of Workers' Compensation Claims and Alternative Dispute Resolution

2

Rule 0800-02-21-.16(2)(b), which provides that medical records are self-authenticating and admissible when signed by a physician.  As Dr. Murrell signed the letter in question, it is properly admitted as evidence.

Turning to the merits of Mr. Hunter's claim, he need not prove every element of his claim by a preponderance of the evidence to obtain relief at an expedited hearing.  Instead, he must come forward with sufficient evidence from which this Court might determine he is likely to prevail at a hearing on the merits.  *See* Tenn. Code Ann. § 50-6-239(d)(1) (2018); *McCord v. Advantage Human Resourcing*, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Mar. 27, 2015).  To prove a compensable injury, Mr. Hunter must show that his alleged injury arose primarily out of and in the course and scope of his employment.  That means he must show, "to a reasonable degree of medical certainty that it contributed more than fifty percent (50%) in causing the . . . disablement or need for medical treatment, considering all causes."

Applying these principles, the Court cannot find that Mr. Hunter would likely meet his burden of proof at a hearing on the merits.  Dr. Murrell's letter, the only medical proof introduced in this matter, states that Mr. Hunter has degenerative changes of the lumbar spine and a L5 disc protrusion.  It also shows that Dr. Murrell continues to recommend an epidural steroid injection.  However, the letter does not address whether the diagnosis or the need for the epidural injection arose primarily out of and in the course and scope of Mr. Hunter's employment.  Without a medical opinion addressing this issue, Mr. Hunter cannot prove at this time "to a reasonable degree of medical certainty" that his work contributed more than fifty percent in causing the injury or the need for the treatment recommended by Dr. Murrell.

**IT IS, THEREFORE, ORDERED** as follows:

1. Mr. Hunter's claim against Doug's Automotive for the requested epidural steroid injection is denied at this time.

2. This case is set for a Status Hearing on September 24, 2019, at 9:30 a.m.  Please call toll-free at 855-874-0473 to participate.  Failure to call or appear might result in a determination of the issues without your further participation.  All conferences are set using Central Time (CT).

**ENTERED August 23, 2019.**

_____
**Judge Dale Tipps**
**Court of Workers' Compensation Claims**

3



<u>Expedited Hearing Order Right to Appeal:</u>

If you disagree with this Expedited Hearing Order, you may appeal to the Workers' Compensation Appeals Board. To appeal an expedited hearing order, you must:

1.  Complete the enclosed form entitled: "Expedited Hearing Notice of Appeal," and file the form with the Clerk of the Court of Workers' Compensation Claims *within seven business days* of the date the expedited hearing order was filed. When filing the Notice of Appeal, you must serve a copy upon all parties.

2.  You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing of the Notice of Appeal. Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service. In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the fee. You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal. **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of the appeal.**

3.  You bear the responsibility of ensuring a complete record on appeal. You may request from the court clerk the audio recording of the hearing for a $25.00 fee. If a transcript of the proceedings is to be filed, a licensed court reporter must prepare the transcript and file it with the court clerk *within ten business days* of the filing the Notice of Appeal. Alternatively, you may file a statement of the evidence prepared jointly by both parties *within ten business days* of the filing of the Notice of Appeal. The statement of the evidence must convey a complete and accurate account of the hearing. The Workers' Compensation Judge must approve the statement before the record is submitted to the Appeals Board. If the Appeals Board is called upon to review testimony or other proof concerning factual matters, the absence of a transcript or statement of the evidence can be a significant obstacle to meaningful appellate review.

4.  If you wish to file a position statement, you must file it with the court clerk within *ten business days* after the deadline to file a transcript or statement of the evidence. The party opposing the appeal may file a response with the court clerk *within ten business days* after you file your position statement. All position statements should include: (1) a statement summarizing the facts of the case from the evidence admitted during the expedited hearing; (2) a statement summarizing the disposition of the case as a result of the expedited hearing; (3) a statement of the issue(s) presented for review; and (4) an argument, citing appropriate statutes, case law, or other authority.

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



**EXPEDITED HEARING NOTICE OF APPEAL**
Tennessee Division of Workers' Compensation
www.tn.gov/labor-wfd/wcomp.shtml
wc.courtclerk@tn.gov
1-800-332-2667

Docket #: _____

State File #/YR: _____

**Employee** _____

v.

_____

**Employer**

**Notice**

Notice is given that _____

[List name(s) of all appealing party(ies) on separate sheet if necessary]

appeals the order(s) of the Court of Workers' Compensation Claims at _____

to the Workers' Compensation Appeals
_____
Board. [List the date(s) the order(s) was filed in the court clerk's office]

**Judge**_____

**Statement of the Issues**

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____

_____

_____

**Additional Information**

**Type of Case** [Check the most appropriate item]

- ☐ Temporary disability benefits
- ☐ Medical benefits for current injury
- ☐ Medical benefits under prior order issued by the Court

**List of Parties**

**Appellant (Requesting Party):**_____At Hearing: ☐Employer ☐Employee

Address:_____

Party's Phone:_____ Email:_____

Attorney's Name:_____ BPR#: _____

Attorney's Address:_____ Phone: _____

Attorney's City, State & Zip code:_____

Attorney's Email:_____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ SF#: _____ DOI: _____

## Appellee(s)

**Appellee (Opposing Party):** _____ At Hearing: ☐ Employer ☐ Employee

Appellee's Address: _____

Appellee's Phone: _____ Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Address: _____ Phone: _____

Attorney's City, State & Zip code: _____

Attorney's Email: _____

*** Attach an additional sheet for each additional Appellee ***

### CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Expedited Hearing Notice of Appeal by First Class, United States Mail, postage prepaid, to all parties and/or their attorneys in this case in accordance with Rule 0800-02-22.01(2) of the Tennessee Rules of Board of Workers' Compensation Appeals on this the _____ day of _____, 20 ___

[Signature of appellant or attorney for appellant] _____



**Tennessee Bureau of Workers' Compensation**
**220 French Landing Drive, I-B**
**Nashville, TN 37243-1002**
**800-332-2667**

### AFFIDAVIT OF INDIGENCY

I, _____, having been duly sworn according to law, make oath that because of my poverty, I am unable to bear the costs of this appeal and request that the filing fee to appeal be waived. The following facts support my poverty.

1. Full Name:_____     2. Address: _____

3. Telephone Number: _____     4. Date of Birth: _____

5. Names and Ages of All Dependents:

_____ Relationship: _____

_____ Relationship: _____

_____ Relationship: _____

_____ Relationship: _____

6. I am employed by: _____

My employer's address is: _____

My employer's phone number is: _____

7. My present monthly household income, after federal income and social security taxes are deducted, is:

$ _____

8. I receive or expect to receive money from the following sources:

| | | | |
|---|---|---|---|
| AFDC | $ _____ per month | beginning | _____ |
| SSI | $ _____ per month | beginning | _____ |
| Retirement | $ _____ per month | beginning | _____ |
| Disability | $ _____ per month | beginning | _____ |
| Unemployment | $ _____ per month | beginning | _____ |
| Worker's Comp. | $ _____ per month | beginning | _____ |
| Other | $ _____ per month | beginning | _____ |

9. My expenses are:

Rent/House Payment $ _____ per month    Medical/Dental  $ _____ per month

Groceries        $ _____ per month    Telephone      $ _____ per month

Electricity      $ _____ per month    School Supplies $ _____ per month

Water            $ _____ per month    Clothing       $ _____ per month

Gas              $ _____ per month    Child Care     $ _____ per month

Transportation   $ _____ per month    Child Support  $ _____ per month

Car              $ _____ per month

Other            $ _____ per month (describe: _____ )

10. Assets:

Automobile           $ _____    (FMV) _____

Checking/Savings Acct. $ _____

House                $ _____    (FMV) _____

Other                $ _____    Describe:_____

11. My debts are:

Amount Owed                    To Whom

_____            _____

_____            _____

_____            _____

_____            _____

**I hereby declare under the penalty of perjury that the foregoing answers are true, correct, and complete and that I am financially unable to pay the costs of this appeal.**

_____
APPELLANT

Sworn and subscribed before me, a notary public, this

_____ day of _____, 20_____.

_____
NOTARY PUBLIC

My Commission Expires:_____

LB-1108 (REV 11/15)                                    RDA 11082

# APPENDIX

Exhibits:
1. Dr. Murrell's July 16, 2019 letter

Technical record:
1. Motion for Medical Treatment
2. Response to Motion to Have Employer Pay Medical Expenses
3. Response to Admission of the Purported Letter of Dr. Murrell
4. Petition for Benefit Determination
5. Dispute Certification Notice
6. July 3, 2018 Expedited Hearing Order

# CERTIFICATE OF SERVICE

I certify that a copy of the Expedited Hearing Order was sent as indicated on August 23, 2019.

| Name | Certified Mail | Fax | Via Email | Service sent to: |
|------|---------------|-----|-----------|------------------|
| Dale Hunter | | | X | Dale.hunter29@yahoo.com |
| James Jones, Jr., Employer's Attorney | | | X | attorneyjamesjones@gmail.com |

_____
**Penny Shrum, Clerk of Court**
**Court of Workers' Compensation Claims**
**WC.CourtClerk@tn.gov**